IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

OLUBUSAYO O. AKINOLA,

      Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

      Defendant.

Case No. 26-CV-00255-SEH-CDL

## OPINION AND ORDER

Before the Court is pro se Plaintiff Olubusayo Akinola's Motion to Remove Personal Information from Public Records. [ECF No. 16]. Plaintiff requests that the Court "remove [her] name and mailing address from public records." [*Id*.]. She further requests that the Equal Employment Opportunity Commission (EEOC) charge number and her motion for leave to proceed *in forma pauperis* and supporting affidavit also be removed "from public records." [*Id*.]. Plaintiff states that public access to her personal information "raises significant privacy and safety concerns," and that "public access to [her] home address creates a safety risk …." [*Id*.]. She explains that she is also concerned about prospective employers being discouraged from hiring her if they discover this pending case during pre-employment background screenings. [*Id*.]. For these reasons, Plaintiff seeks removal of her "identified

personal information from public access." [*Id*.]. Construing her motion liberally, the Court considers it as a request to seal her two prior motions for leave to proceed *in forma pauperis* [ECF Nos. 2, 9] and any filing containing her name, address, or EEOC charge number.

"Courts have long recognized a common-law right of access to judicial records." *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). When determining whether to restrict public access to court documents, "a court must assess the circumstances of the case and consider the parties' interests along with the public's interest to open access." *Snyder v. Acord Corp.*, 811 F. App'x 447, 468 (10th Cir. 2020) (citing *Bacon*, 950 F.3d at 1293–94). Although the common-law right of access to court documents "is not absolute[,]" there is a "strong presumption in favor of public access[.]" *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "This strong presumption of openness can 'be overcome where countervailing interests heavily outweigh the public interests in access' to the judicial record.'" *Bacon*, 950 F.3d at 1293 (quoting *Colony Ins.*, 698 F.3d at 1241). "'The party seeking to overcome the presumption' of public access to the documents 'bears the burden of showing some significant interest that outweighs the presumption.'" *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann*, 477 F.3d at 1149). The party "must articulate a real and substantial interest that justifies depriving

the public of access to the records that inform [the court's] decision-making process." *Id.*

Here, Plaintiff fails to carry her burden. Her complaint alleges employment discrimination and retaliation claims [ECF No. 1], and she requests keeping her name, address, and EEOC charge number from public view [ECF No. 16]. Weighing "the interests of the public, which are presumptively paramount, against those advanced by [Plaintiff]," *Helm*, 656 F.3d at 1292, the Court does not find Plaintiff's vague statements about safety concerns and potential loss of employment opportunities show a real and substantial interest that justifies depriving the public of access to these proceedings. *See Elevate Fed. Credit Union v. Elevations Credit Union,* 67 F.4th 1058, 1085 (10th Cir. 2023) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]"). The factual allegations in the complaint and other documents in this case are also central to the resolution of Plaintiff's claims. *See Colony Ins.*, 698 F.3d at 1242 ("Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.") (alteration and quotation omitted). For these reasons, the Court does not find Plaintiff's interest in sealing

documents containing her name, address, or EEOC charge number outweighs the strong presumption in favor of public access to judicial filings.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remove Personal Information from Public Records [ECF No. 16] is DENIED.

**DATED** this 10th day of August, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this order interferes with Plaintiff's responsibility to redact personal data identifiers for compliance with Fed. R. Civ. P. 5.2(a).